UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JASON R. BOHLINGER,

    Plaintiff,

        v.                               CAUSE NO. 3:21-CV-516-JD-MGG

RON NEAL, et al.,

    Defendants.

OPINION AND ORDER

Jason R. Bohlinger, a prisoner without a lawyer, was ordered to show cause why he had not paid the initial partial filing fee assessed by the court. (ECF 5.) The docket reflects that the initial partial filing fee has now been received in this case. (ECF 7.) The court therefore proceeds to screen the complaint.

Under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Bohlinger is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Bohlinger is an inmate at Indiana State Prison ("ISP"). He alleges that for a six-month period beginning in January 2021, the prison was placed on an extended lockdown due to the death of a prisoner and the subsequent murder of a prison guard. During this period, Mr. Bohlinger claims he was served inadequate food. Specifically, he claims that meals were regularly stored for several hours on open Styrofoam containers, causing them to become cold, spoiled, and contaminated with "air-borne elements," such as dirt and feathers from pigeons flying around inside the prison. On one occasion, he was served a tray with rainwater all over the food. Other times he was served stale bread and rotten fruit. On another occasion he ate potatoes that gave him stomach cramps and made him feel ill. He claims that as a result of the inadequate food, he went from 180 pounds to 154 pounds.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). "[T]he Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), nor does it guarantee inmates food that is hot or "even appetizing." *Williams v. Berge*, 102 F. App'x 506, 507 (7th Cir. 2004); *see also Lunsford v. Bennett*, 17 F.3d 1574, 1578 (7th Cir. 1994). However, inmates are entitled to adequate food to meet their

2

nutritional needs. *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834; *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Giving Mr. Bohlinger the inferences to which he is entitled at this stage, he has plausibly alleged that he was denied the minimal civilized measure of life's necessities. Specifically, he claims he was served spoiled and contaminated meals for several months, during which time he often went hungry and lost 26 pounds. He has satisfied the objective prong.

On the subjective prong, he claims that in late January 2021, he wrote to the kitchen supervisor, Wayne Peoples, to complain about the ongoing problems with meals served on open Styrofoam trays, and requested that he be given sack meals instead. He never received any response, and as outlined above, he claims the problem persisted for several more months. He further claims that he spoke directly to Lieutenant Moon and Lieutenant Winn (first names unknown), both of whom were supervisory officers in his unit responsible for the provision of meals to inmates, but they allegedly did not nothing to remedy the situation and simply continued to serve him foods that were spoiled and contaminated. He has adequately stated a deliberate indifference claim against Mr. Peoples, Lieutenant Moon, and Lieutenant Winn.

He further claims that the grievance officer Josh Wallen and ISP's executive assistant, Mark Newkirk, did not properly process a grievance he filed about the problems with the food. However, the Constitution does not require that prisons

provide a grievance procedure at all, and the existence of an internal complaint procedure does not create any constitutionally guaranteed rights.[1] *Daniel v. Cook Cty.*, 833 F.3d 728, 736 (7th Cir. 2016). Mr. Bohlinger does not allege, nor is there any plausible basis to infer, that the grievance officer and executive assistant caused the problem with the food, or that they stood in the way of the problem being resolved by the prison staff members who were responsible for preparing and serving food to inmates. "The most one can say is that [they] did nothing, when [they] might have gone beyond the requirements of [their] job and tried to help him." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). This does not state a claim under section 1983, nor can these individuals be held personally liable for the misdeeds of other prison staff. *Id.* These defendants will be dismissed.

Finally, he claims that Warden Ron Neal failed to adopt necessary measures to ensure that inmates were served proper meals during the extended lockdown. There is no general supervisory liability under section 1983, and the Warden cannot be held liable solely because he holds a supervisory position in the prison. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). Nevertheless, it appears Mr. Bohlinger is trying to assert an official capacity claim against the Warden under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *Monell* requires a plaintiff suing a policy-making official to demonstrate that an "official policy . . . was the 'moving force' behind his

---

[1] The complaint appears to allege that these defendants prevented him from exhausting his administrative remedies in accordance with 42 U.S.C. § 1997e(a). If exhaustion becomes an issue at a later stage, Mr. Bohlinger is free to argue that he was prevented from exhausting and thus had no remedies that were "available." *See Woodford v. Ngo*, 548 U.S. 81 (2006). However, his allegations do not give rise to an independent constitution claim. *Daniel*, 833 F.3d at 736.

4

constitutional injury." *Dixon v. Cty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016) "[I]f institutional policies are themselves deliberately indifferent" to prisoners' health or safety, "institutional liability is possible." *Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 381 (7th Cir. 2017). *Monell* claims can be based on the failure to adopt necessary procedures, but only if the failure amounted to "deliberate indifference to the rights of others." *Miranda v. Cty. of Lake*, 900 F.3d 335, 345 (7th Cir. 2018). Deliberate indifference exists where the defendant (1) failed "to provide adequate training in light of foreseeable consequences"; or (2) failed "to act in response to repeated complaints of constitutional violations by its officers." *Id.* (citations omitted).

Giving Mr. Bohlinger the inferences to which he is entitled at this stage, he has alleged a plausible *Monell* claim. Specifically, he claims that due to the procedures used to serve meals to inmates during lockdown, there was a widespread problem for months regarding unsanitary food trays being served to inmates, resulting in he and other inmates becoming ill and/or going hungry. He further claims that storing meals on open trays for several hours during all kinds of weather posed obvious sanitary concerns. He claims that he repeatedly complained about the problems with the meals, and heard other inmates doing so as well, but the only response he received was that nothing could be done because meals were required to be served in that manner. He will be permitted to proceed past the pleading stage on this claim.

For the reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Wayne Peoples, Lieutenant Moon (first name unknown), and Lieutenant Winn (first name unknown) in their

5

personal capacity for monetary damages for deliberate indifference to his need for adequate food from January 2021 to July 2021 in violation of the Eighth Amendment;

(2) GRANTS the plaintiff leave to proceed against Warden Ron Neal in his official capacity for failing to adopt necessary measures to ensure inmates received adequate meals during an extended lockdown occurring between January and July 2021 as required by the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Mark Newkirk and Josh Wallen as defendants;

(5) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Wayne Peoples, Lieutenant Moon (first name unknown), Lieutenant Winn (first name unknown), and Warden Ron Neal at the Indiana Department of Correction and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available;

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Wayne Peoples, Lieutenant Moon (first name unknown), Lieutenant Winn (first name unknown), and Warden Ron Neal to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on December 2, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT