UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JASON R. BOHLINGER, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-516-JD-MGG |
| RON NEAL, et al., | |
| Defendants. | |

OPINION AND ORDER

Jason R. Bohlinger, a prisoner without a lawyer, is proceeding in this case on two claims. First, he is proceeding "against Wayne Peoples, Lieutenant Moon (first name unknown), and Lieutenant Winn (first name unknown) in their personal capacity for monetary damages for deliberate indifference to his need for adequate food from January 2021 to July 2021 in violation of the Eighth Amendment[.]" ECF 8 at 5-6. Second, he is proceeding "against Warden Ron Neal in his official capacity for failing to adopt necessary measures to ensure inmates received adequate meals during an extended lockdown occurring between January and July 2021 as required by the Eighth Amendment[.]" *Id.* at 6. Defendant Peoples filed a motion for summary judgment, arguing Bohlinger did not exhaust his administrative remedies before filing suit. ECF 25. Bohlinger filed a response, and Peoples filed a reply. ECF 37, 43. Warden Neal, Lt. Moon, and Lt. Winn (the "State Defendants") also filed a motion for summary judgment, arguing Bohlinger did not exhaust his administrative remedies before filing

suit. ECF 30. Bohlinger filed a response, and the State Defendants filed a reply. ECF 36, 42. Both summary judgment motions are now fully briefed and ripe for ruling.

Prisoners are prohibited from bringing an action under federal law with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). However, a prisoner can be excused from failing to exhaust if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

The defendants[1] argue Bohlinger did not exhaust his administrative remedies prior to filing this lawsuit because he submitted a grievance regarding his allegation he was denied adequate food but did not appeal the grievance office's denial of that grievance. ECF 27 at 3-4; ECF 32 at 4. Specifically, the defendants provide evidence showing the following: On March 21, 2021, Bohlinger submitted Grievance 125248, complaining he had received various food trays that were cold, frozen, or wet. ECF 30-4 at 1. On March 26, 2021, Grievance 125248 was received by the grievance office. *Id.* at 2. On June 1, 2021, the grievance office denied Grievance 125248 on its merits. *Id.* Bohlinger did not appeal the grievance office's denial of Grievance 125248, which was a necessary step to exhaust the grievance. ECF 30-1 at 7; ECF 30-3.

In his responses, Bohlinger concedes he never appealed the grievance office's denial of Grievance 125248. The court therefore accepts that as undisputed. Instead, Bohlinger argues he was prevented from appealing the grievance office's denial of Grievance 125248 because the Grievance Specialist did not comply with the Offender Grievance Process' requirement to respond to the grievance within fifteen business days. ECF 36-3 at 3-10; ECF 37-3 at 3-10.

Here, the Offender Grievance Process provides that "If the matter is not an emergency grievance, or a PREA grievance, the Offender Grievance Specialist has fifteen (15) business days from the date that the grievance is recorded to complete an investigation and provide a response to the offender, unless the time has been

---

[1] Because Defendant Peoples and the State Defendants raise the same exhaustion argument, the court will address both summary judgment motions together.

extended." ECF 30-2 at 10. It is undisputed the grievance office received Grievance 125248 on March 26, 2021, and did not respond to the grievance until June 1, 2021. Thus, Mr. Bohlinger is correct that the Grievance Specialist did not timely respond to Grievance 125248.

However, even accepting as true that the Grievance Specialist did not timely respond to Grievance 125248, this did not prevent Bohlinger from appealing the grievance. Specifically, the Offender Grievance Process provides that "If the offender receives no grievance response within twenty (20) business days of the Offender Grievance Specialist's receipt of the grievance, the offender may appeal as though the grievance had been denied." ECF 30-2 at 12. It is undisputed the Grievance Specialist received Grievance 125248 on March 26, 2021, and did not respond within twenty business days of that date. Thus, the Offender Grievance Process allowed Bohlinger to appeal Grievance 125248 as if it had been denied. Moreover, Bohlinger could have submitted an appeal once he received the grievance office's untimely response to Grievance 125248, as the fact that the grievance office's response was untimely did not negate Bohlinger's ability to appeal the response. But it is undisputed Bohlinger did not comply with these requirements, as he concedes he never submitted any appeal. Accordingly, because the Offender Grievance Process allowed Bohlinger to appeal Grievance 125248, but he did not do so, the undisputed evidence shows Bohlinger had available administrative remedies he did not exhaust prior to filing this lawsuit. Thus, the defendants have met their burden to show Mr. Bohlinger did not exhaust. Summary judgment is warranted in their favor.

For these reasons, the court:

(1) GRANTS the defendants' motions for summary judgment (ECF 25, ECF 30); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Jason R. Bohlinger and to close this case.

SO ORDERED on January 23, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

5